UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMILCAR QUINTEROS,         ) | CIV-F-09-2200 AWI GSA |
|         Plaintiff,         ) | |
|     v.         ) | ORDER RE: MOTION TO DISMISS |
| AURORA LOAN SERVICES, and DOES ) 1 through 50, inclusive,         ) | |
|         Defendants.         ) | |

**I. History**[1]

Plaintiff Amilcar Quinteros resides at 1405 S. Temperance Ave., Fresno, CA 93727. Plaintiff purchased that property with a $382,000 mortgage provided by third party First Magnus Financial Corporation. The Deed of Trust was recorded on August 14, 2006 and listed third party First American Lenders Advantage as trustee and third party Mortgage Electronic Registration Systems, Inc. as beneficiary. The servicing of the loan was transferred from third party Homecomings Financial to Defendant Aurora Loan Services on March 18, 2008. Plaintiff fell behind on his mortgage payments in 2008. The parties orally agreed that Plaintiff would make monthly payments of $1,900, which was memorialized in a written forbearance agreement.

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

Plaintiff made those payments between January and April 2009, four payments in all. In May 2009, Plaintiff was orally informed that the property was being foreclosed on. The property was sold at public auction on May 12, 2009. Defendant was the high bidder.

      Plaintiff filed suit on November 6, 2009 in the Superior Court, County of Fresno. The case was removed to the Eastern District based on federal question jurisdiction. The original complaint was dismissed for failure to state a claim, on motion from Defendant. Plaintiff filed the first amended complaint ("FAC") which lists seven causes of action: (1) declaratory relief, (2) cancellation of instruments, (3) to set aside foreclosure proceedings, (4) injunction, (5) breach of oral contract, (6) promissory estoppel, and (7) violation of RESPA. Doc. 30. Defendant has filed a motion to dismiss for failure to state a claim. Plaintiff opposes the motion and the matter was taken under submission without oral argument.

      Meanwhile, Plaintiff filed for Chapter 13 bankruptcy protection in the U.S. Bankruptcy Court, Eastern District of California on July 8, 2010. As this case involves claims made by the debtor and not claims made against the debtor, this suit is unaffected by the 11 U.S.C. §362 automatic stay. See Snavely v. Miller, 397 F.3d 726, 729 (9th Cir. 2005).

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.

We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

**A. Declaratory Relief, Cancellation of Instruments, Setting Aside Foreclosure Proceeding and Trustee's Deed Upon Sale, and Injunction**

These causes of action all allege that the foreclosure was invalid as it was not conducted in accord with the procedures specified in Cal. Civ. Code §2924 et seq.  A cause of action to set aside a foreclosure action for failure to follow the correct procedure rises in equity. See Knapp v. Doherty, 123 Cal. App. 4th 76, 87 (Cal. App. 6th Dist. 2004).  Plaintiff specifically alleges

> 14. Under the Deed of Trust for the Property, the Trustee was First Magnus Financial Corporation (the "Trustee"). However, the Trustee did not prepare and execute the Notice of Default ("NOD"), which initiated the foreclosure proceeding under attack, ETS Services, LLC ("ETS") did, without any authority to do so.

**4**

> 15. On January 8, 2009, ETS, not the Trustee, prepared and executed the Notice of Trustee Sale (the "NOS"), without any authority to do so. The NOS was recorded on January 12, 2009, but, was not sent by registered or certified mail to the Plaintiff and was not posted on the Property, at any time....
>
> 17. The failure of the Trustee to execute the NOD and the NOS and the failure of the Defendants to serve Plaintiff with the same renders the purported foreclosure proceeding and Trustee's Deed Upon Sale, void, as a matter of law. Further, the aforementioned failure harmed PLAINTIFF as he was not afforded the opportunity (his statutory right) to reinstate the loan, redeem the property (tender), or compel Defendant's performance under the Agreement, which was a written offer to forebear and modify, accepted, delivered and performed by PLAINTIFF.

Doc. 30, FAC, at 3:25-4:15. A trustee under a deed of trust "may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed, or their successors in interest." Cal. Civ. Code §2934a(a)(1). Registered or certified mailing of the Notice of Default and Notice of Trustee Sale to Plaintiff is required:

> (B) The mortgagee, trustee, or other person authorized to record the notice of default or the notice of sale shall do each of the following:
>
> (1) Within 10 business days following recordation of the notice of default, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with postage prepaid, containing a copy of the notice with the recording date shown thereon, addressed to each person whose name and address are set forth in a duly recorded request therefor, directed to the address designated in the request and to each trustor or mortgagor at his or her last known address if different than the address specified in the deed of trust or mortgage with power of sale.
>
> (2) At least 20 days before the date of sale, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with postage prepaid, containing a copy of the notice of the time and place of sale, addressed to each person whose name and address are set forth in a duly recorded request therefor, directed to the address designated in the request and to each trustor or mortgagor at his or her last known address if different than the address specified in the deed of trust or mortgage with power of sale.

Cal. Civ. Code §2924b(b). "[N]otice of the sale thereof shall be given by posting a written notice of the time of sale and of the street address and the specific place at the street address where the sale will be held, and describing the property to be sold, at least 20 days before the date of sale in one public place in the city where the property is to be sold, if the property is to be sold in a city, or, if not, then in one public place in the judicial district in which the property is to be sold, and publishing a copy once a week for three consecutive calendar weeks, the first publication to be at

1  least 20 days before the date of sale, in a newspaper of general circulation published in the city in
2  which the property or some part thereof is situated." Cal. Civ. Code §2924f(b)(1).
3      Defendant seeks judicial notice of a number of documents showing compliance with all
4  relevant code provisions.  First, ETS was substituted in place of First American Lenders
5  Advantage as the trustee on the Deed of Trust as reflected in a document recorded on January 22,
6  2008. Doc. 33, Part 2, Ex. 8.  Second, the Notice of Default was recorded on August 25, 2008;
7  Plaintiff was sent a copy via certified mail on September 3, 2008. Doc. 33, Part 2, Ex. 9, page 6
8  of 77.  Third, the Notice of Trustee Sale setting the auction date for February 6, 2009 was
9  recorded on January 12, 2009; Plaintiff was sent a copy via certified mail on January 9, 2009.
10 Doc. 33, Part 2, Ex. 11, page 16 of 77.  Fourth, Defendant provides a document purporting to
11 show that a notice of sale was posted on the front gate of the property on January 16, 2009. Doc.
12 33, Part 2, Ex. 11, pages 17 and 18 of 77.  Fifth, Defendant provides a copy of a notice of
13 trustee's sale published in the Fresno Bee on January 16, 23, and 30 of 2009. Doc. 33, Part 2, Ex.
14 11, page 20 of 77.
15     Plaintiff does not directly contest these requests for judicial notice.  However, the court
16 can not take judicial notice of a "Certificate of Posting" and photograph showing the notice of
17 trustee's sale posted on the gate of the property on January 16, 2009. Doc. 33, Part 2, pages 17
18 and 18 of 77.  The other documents are amenable to judicial notice as public records but these
19 two items are categorically distinct.  The FAC states that the notice "was not posted on the
20 Property, at any time." Doc. 30, FAC, at 4:5.  This court can not easily say that the complaint
21 referred to the contents of the certificate and photograph in a way that meets Knievel's test of
22 "documents whose contents are alleged in a complaint" or "situations in which the plaintiff's
23 claim depends on the contents of a document." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir.
24 2005), citations omitted.  While the certificate (essentially a declaration) and photograph are
25 evidence to be used against Plaintiff, they are not documents upon which Plaintiff's affirmative
26 claim relies.  Further, they are not documents "capable of accurate and ready determination by
27 resort to sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b)(2).
28 Defendant can not show that the  posting requirements have been met at this stage of the

litigation. The fact that Plaintiff does not contest the substance of Defendant's proffer of evidence is telling but not dispositive.

Defendant also argues that Plaintiff has again failed to tender the amount due on the mortgage, depriving him of equitable relief. See Doc. 32, Brief, at 5:8-9. "It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 578-79 (Cal. App. 2d Dist. 1984); see also Patacsil v. Wilshire Credit Corp., 2010 U.S. Dist. LEXIS 10414, *19 (E.D. Cal. Feb. 5, 2010); Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009); Spurlock v. Carrington Mortg. Servs., 2010 U.S. Dist. LEXIS 80221, *8 (S.D. Cal. Aug. 4, 2010). The relevant part of the FAC states "Plaintiff hereby tenders all of the delinquencies and costs due for reinstatement of the Note and Deed of Trust." Doc. 30, FAC, at 6:17-18. This is identical to the language used in the original complaint. See Doc. 10, at 5:10-11. Plaintiff is not offering to repay the entire loan but only seeks to make up the shortfall of delinquent mortgage payments to date. Again, as stated in the previous order, such an offer does not satisfy the tender rule.

This is Plaintiff's second attempt at raising a wrongful foreclosure cause of action. Plaintiff is being given one last opportunity to allege facts necessary to state a claim.

**B. Oral Contract and Promissory Estoppel**

Plaintiff alleges the following facts:

Plaintiff worked out a new oral agreement with DEFENDANT, wherein DEFENDANTS asked if he would be able to pay $1900.00 per moth. PLAINTIFF said that he could and he resumed making payments in January 2009. He made 4 payments of approximately $1900.00 between January and April 2009. DEFENDANTS forwarded a written forbearance and modification agreement memorializing the new oral agreement and Plaintiff signed and delivered the same to DEFENDANTS. However, DEFENDANTS did not send a fully executed copy back to Plaintiff. Based upon the promises made by DEFENDANTS, Plaintiff continued to improve and maintain the PROPERTY, expended substantial time and money, instead of using his time and money finding substitute financing to reinstate or redeem the Property. Further, he could of used those resources to find new living accommodations for his family, including two children. Further, Plaintiff

7

decided to refrain from filing for bankruptcy protection soon, preventing the unnoticed Trustee Sale from going forward, and seeking and effecting other rights and remedies afforded to him.

Doc. 30, FAC, at 3:9-17.  Plaintiff asserts that Defendant's acts give rise to violation of oral contract and promissory estoppel causes of action:

> 37. On or about January 2009, PLAINTIFF and DEFENDANTS entered into an oral agreement whereby DEFENDANT agreed to modify PLAINTIFF's mortgage agreement, whereby DEFENDANT agreed not to foreclose upon the Residence, if PLAINTIFF would make payments in the amount of approximately $1,900.00 per month....
>
> 39. On or about May 2009, DEFENDANT breached the oral agreement by foreclosing upon the Residence, despite the fact that PLAINTIFF had made payments as instructed for the previous four months, which were accepted and cashed by DEFENDANTS....
>
> 42. On or about January 2009, in Fresno, California, DEFENDANT assured PLAINTIFF that if he were to make payments on his mortgage in the agreed upon amount of $1,900.00 per month, that DEFENDANTS would modify his loan agreement in accordance to the workout plan, and that DEFENDANTS would not foreclose upon the Residence, so long as payments were made by PLAINTIFF.
>
> 47. As a result of DEFENDANTS' failure to perform according to the assurance that they made to PLAINTIFF, PLAINTIFF has been induced to part with approximately $7,600.00 and has incurred attorneys' fees in defense of the void foreclosure upon the property, and the continued defense of this action in a sum to be shown at trial.

Doc. 30, FAC, at 7:20-8:18.  Defendant has provided a copy of the forbearance agreement. Doc. 33, Part 1, Ex. 5, pages 46-56 of 64.  The court judicially notices the agreement as a document whose contents are alleged in the complaint and which no party disputes.  In key part, the forbearance agreement states:

> Workout Agreement By And Between Aurora Loan Services And Amilcar Quinteros
>
> 1. <u>Term</u>.     This Agreement shall expire on the 'Expiration Date,' as defined in Attachment A.
>
> 2. <u>Lenders Forbearance</u>.     Lender shall forbear from exercising any or all of its rights and remedies now existing or arising during the term of this Agreement under the Loan Documents, provided there is not 'Default,' as such term is defined in paragraph 5.
>
> Attachment A-Stipulated Payments
>
> a.1    For purposes of repayment of the Arrearage, Customer shall remit four (4) consecutive stipulated monthly payments each in the amount of $1895.00 (each, a 'Plan payment'). On or before 01/10/2009 (the 'Agreement Return Date'), Customer shall execute and return the Agreement, including this Attachment A....
>
> a.2    Plan payments are to be paid on or before the 10 day of every month (each, a 'Due

> Date'). Lender must receive each Plan payment by the Due Date of Each month. The Agreement shall expire on the Due Date of the last Plan payment contemplated by section a.1 above (the 'Expiration Date')....
>
> b.       ....Upon the Expiration Date, Customer must cure the Arrearage through a full reinstatement, payment in full, loan modification agreement or other loan workout option that Lender may offer (individually and collectively, a 'Cure Method.') Customer's failure to enter into a Cure Method will result in the loan being disqualified from any future Lender Home Retention Group program with respect to the loan evidenced by the Note, and regular collection activity will continue, including, but not limited to, commencement or resumption of the foreclosure process, as specified in paragraphs 5 and 7 of the Agreement.

Doc. 33, Part 1, Ex. 5, pages 48, 53, and 54 of 64.  Plaintiff did not sign the forbearance agreement until April 13, 2009, so the start date is not altogether clear.  However, the overall duration of the forbearance agreement was four months during which Defendant was to suspend the foreclosure proceedings.  The agreement ended April 10, 2011, and Plaintiff was warned that foreclosure proceedings could recommence after that date unless a further modification was agreed to.  Plaintiff has not alleged that any further modification or agreement was reached with Defendant after the conclusion of the forbearance agreement.  Instead, Plaintiff alleges that Defendant breached the agreement by foreclosing in May.  By the plain terms of the forbearance agreement, Defendant's action did not constitute breach of contract or give rise to promissory estoppel.

   This is Plaintiff's second attempt at raising these causes of action.  Plaintiff is being given one last opportunity to allege facts necessary to state a claim.

**C. Real Estate Settlement Practices Act**

   RESPA requires "Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person" and "Each transferee servicer to whom the servicing of an federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." 12 U.S.C. §2605(b)(1) and (c)(1).  Plaintiff alleges Defendant violated RESPA in that "DEFENDANTS have failed to comply with Section 2605(c)(1) of Title 12 of the United States Code, in that PLAINTIFF was not notified by the transferee in writing of the assignment, sale or

9

transfer of the assignment, sale or transfer of the loan. Plaintiff never received any letter or notice from any of the DEFENDANTS informing him that the loan was transferred from Homecoming[s] Financial to any other DEFENDANTS." Doc. 30, FAC, at 9:15-17.  Defendant argues that it "did notify plaintiff that the servicing of the plaintiff's loan was being assigned from Homecoming and to Defendant, effective April 1, 2008." Doc. 32, Brief, at 15:1-2.  Defendant seeks to have the court take judicial notice of that letter. Doc. 33, Part 1, Ex. 3, at 39-40 of 64.  In reference to the document proffered by Defendant, "PLAINTIFF has disputed the authenticity of the document DEFENDANT is attempting to judicially notice. There clearly is a dispute as to whether or not PLAINTIFF was sent the NOS." Doc. 35, Opposition, at 7:5-7.  As Plaintiff is disputing the document, he has facially stated a violation of 12 U.S.C. §2605(c)(1). See Thepvongsa v. Reg'l Tr. Servs. Corp., 2011 U.S. Dist. LEXIS 7853, *28-29 n.10 (W.D. Wash. Jan. 26, 2011) (court found plaintiff stated RESPA cause of action after plaintiff argued he never received letters defendant produced).

In reply, Defendant raises a new argument: "plaintiff's RESPA claim still fails because plaintiff does not allege any actual damages that he could have plausibly suffered as a result of his failure to receive this notice on 2008." Doc. 37, Reply, at 12:24-13:1.  Defendant is correct, "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006).  RESPA states:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
> (1) Individuals. In the case of any action by an individual, an amount equal to the sum of–(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000....
>
> (3) Costs. In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

12 U.S.C. §2605(f).  Plaintiff alleges that "Due to the DEFENDANTS failure to comply with the RESPA provisions cited above, PLAINTIFF has incurred attorneys' fees and other costs to force

the DEFENDANTS to comply with the provisions of RESPA...." Doc. 30, FAC, at 9:22-24. A party can not bring suit if the only relief sought is the attorneys fees and costs to be expended in that very suit. As Plaintiff has not had an opportunity to respond to this argument, he must be given an opportunity to amend to explain how he was damaged as a result of not receiving notice.

### IV. Order

Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff must file an amended complaint within twenty (20) days of the filing of this order. Plaintiff is warned that as the new complaint will be a second amended complaint, continued failure to sufficiently allege claims may be grounds for dismissal with prejudice.

IT IS SO ORDERED.

Dated: May 23, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE