IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *AMILCAR QUINTEROS*, ) | NO. 1:09-CV-02200 AWI GSA |
| ) | |
| **Plaintiff**, ) | ORDER DISMISSING ACTION |
| ) | |
| **v.** ) | |
| ) | |
| *AURORA LOAN SERVICES, and DOES* ) | |
| *1 THROUGH 50, INCLUSIVE*, ) | |
| ) | |
| **Defendants**. ) | |
| ) | |
| _____ ) | |

## BACKGROUND

On May 24, 2011, the court dismissed Plaintiff's complaint and ordered Plaintiff to file an amended complaint within twenty (20) days of the filing of the order. Over 72 days have passed and no amended complaint has been filed. Plaintiff has also not contacted the court.

## LEGAL STANDARD

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on

their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

**DISCUSSION**

The court finds that dismissal for Plaintiff's failure to prosecute is appropriate in this action. "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending in this court for a year and a half. The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding. Thus, both the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Pagtalunan, 291 F.3d at 642. Defendant has sought to dismiss this action. Defendant does not appear to have any remaining interest in litigating this action. As such, any risk of prejudice to Defendant is absent.

As for the availability of lesser sanctions, there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scare resources. The court's warning "that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." In re PPA, 460 F.3d at 1229; Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001). Here,

Plaintiff has been warned that dismissal for lack of prosecution would result if appropriate dismissal documents were not submitted. The availability of less drastic sanctions has been considered, but given that Plaintiff did not comply with the court's order and did not contact the court, the court has no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal. Pagtalunan, 291 F.3d at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA, 460 F.3d at 1228. The court finds this factor has little weight in an action such as this one where Plaintiff has essentially abandoned the case and has been unable or unwilling to proceed with the action. Thus, the court finds that dismissal is appropriate in this action.

**ORDER**

Accordingly, the court ORDERS that:

    1.    This action is DISMISSED; and

    2.    The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   August 3, 2011

CHIEF UNITED STATES DISTRICT JUDGE